35. In eliminating DI from the competitive range, the Air Force acted arbitrarily, capriciously, unreasonably, inconsistently with the record evidence, contrary to procurement laws and regulations, and in violation of the Administrative Procedure Act. This unlawful action is to the great prejudice of DI.

WHEREFORE, DI requests that it be granted the relief requested in its Requests for Relief.

## Count II

### The Evaluation of DynCorp International LLC Under the Operation & Maintenance Subfactor Was Arbitrary and Capricious and Inconsistent with the Stated Evaluation Criteria

36. DI incorporates by reference paragraphs 1 through 35 of this Complaint.

37. An agency must conduct its evaluation consistently with the stated evaluation criteria in the solicitation. 10 U.S.C. § 2304; 48 C.F.R. §§ 15.304(a), 15.305(a).

38. The Solicitation required the Air Force to assess whether an offeror "[d]emonstrates a process of MIS training, data analysis, identification and correction of poor data integrity." (RFP at 110, § M-4.4.2.4.) DI was assessed a disqualifying deficiency because it allegedly failed to provide "information regarding the MIS training process" with respect to data integrity, resulting in a default award to M1.

39. This determination was irrational for three reasons, *inter alia*. First, DI did provide "information regarding the MIS training process" with respect to

data. Second, even if DI had failed to provide such information, given the relatively minor nature of the requirement and DI's status as an extremely successful incumbent with an excellent history with respect to data integrity, it was irrational to have assessed DI a deficiency and to have excluded DI from the competition for this comparatively minor shortcoming. Third, it was irrational to conclude that DI could not have eliminated this perceived deficiency if it had been given the opportunity to do so through discussions.

40. The Solicitation also required the Air Force to evaluate each offeror's proposal to determine if it "[p]rovides data integrity identifying specific areas of the phase process where initiatives will reduce steps, eliminate inefficiencies, and streamline processes." (RFP at 110, § M-4.4.2.3.) In the evaluation, DI was assessed a weakness because "[DI] did not provide sufficient data integrity identifying specific areas of the phase process where initiatives will reduce steps, eliminate inefficiencies, and streamline processes to support a reduction of aircraft phase inspection turnaround time (TAT)." (SSDD at 7.)

41. This determination was likewise unreasonable. DI in its proposal defined a process to achieve continuous process improvements. As a result, there was no basis for the assessment of a weakness. Moreover, it was irrational to conclude that DI could not have eliminated this perceived weakness if it had been given the opportunity through discussions. If anything, this evaluated "weakness" was the result of an ambiguously stated requirement.

42. The Air Force did not evaluate DI's proposal under the Operation & Maintenance subfactor consistently with the stated evaluation criteria.

43. The Air Force acted arbitrarily, capriciously, unreasonably, inconsistently with the record evidence, contrary to procurement laws and regulations, and in violation of the Administrative Procedure Act. This unlawful action is to the great prejudice of DI.

WHEREFORE, DI requests that it be granted the relief requested in its Requests for Relief.

## Count III

## The Evaluation Under Transition/ Phase In Was Irrational and Inconsistent with the Stated Evaluation Criteria

44. DI incorporates by reference paragraphs 1 through 43 of this Complaint.

45. Under the Transition/Phase In subfactor, the Air Force was required to have evaluated as follows:

> Soundness of the offeror's management processes to provide continuity of mission support and contract performance to include efficiently phasing in resources and trained/qualified personnel required to assume contract tasks and responsibilities at the start of the contract performance period.

(RFP at 111, § M-4.4.3.1.) As the incumbent, DI had no material transitioning to do, as it was already on site and in place.

46. By contrast, M1, a company that, on information and belief, has never been prime contractor on a contract of such "magnitude and complexity," had to

develop and implement a plan for replacing DI and its personnel and resources over a two-month transition window, a large and high-risk effort.

47. The Air Force's giving DI and M1 the same Green/Acceptable, Low Risk rating was irrational, as DI should have received a higher rating than M1 per the evaluation criteria.

48. The Air Force acted arbitrarily, capriciously, unreasonably, inconsistently with the record evidence, contrary to procurement laws and regulations, and in violation of the Administrative Procedure Act. This unlawful action is to the great prejudice of DI.

WHEREFORE, DI requests that it be granted the relief requested in its Requests for Relief.

## Count IV

### The Past Performance Evaluation Was Arbitrary and Capricious and Inconsistent With the Stated Evaluation Criteria

49. DI incorporates by reference paragraphs 1 through 48 of this Complaint.

50. The Solicitation's evaluation criteria required the Air Force to evaluate Past Performance with a particular eye to how relevant that past performance was with regard to the "magnitude and complexity of the effort." (RFP at 111-113, § M-6.)

51. Here, as the incumbent, DI had by far the most relevant experience – the experience on the incumbent contract. Moreover, DI's performance on that

contract has been exceptional, having earned a 98.3% award fee for the most recent period.

52. By contrast, on information and belief, M1, as small business, has not been a prime contractor on any contracts of the same "magnitude and complexity of the [current] effort."

53. Despite this substantial disparity in past performance, the Air Force irrationally deflated DI's Past Performance score and inflated M1's such that both offerors were awarded the same Past Performance score of Significant Confidence. (SSDD at 10.) If the Air Force had reasonably scored the past performance per the evaluation criteria, the Air Force would have awarded DI a higher rating than M1.

54. The Air Force acted arbitrarily, capriciously, unreasonably, inconsistently with the record evidence, contrary to procurement laws and regulations, and in violation of the Administrative Procedure Act. This unlawful action is to the great prejudice of DI.

WHEREFORE, DI requests that it be granted the relief requested in its Requests for Relief.

## Count V

## The Air Force Illegally Conducted Discussions Only with M1

55. DI incorporates by reference paragraphs 1 through 54 of this Complaint.

56. An agency may not hold discussions with one offeror without extending a similar opportunity to all other offerors within the competitive range. 48 C.F.R. § 15.306(c).

57. The Air Force conducted discussions with M1, but not DI, which should have been included in the competitive range.

58. The Air Force acted arbitrarily, capriciously, unreasonably, inconsistently with the record evidence, contrary to procurement laws and regulations, and in violation of the Administrative Procedure Act. This unlawful action is to the great prejudice of DI.

WHEREFORE, DI requests that it be granted the relief requested in its Requests for Relief.

## Requests For Relief

DI respectfully requests this Court to enter judgment in DI's favor and against Defendants, and to provide the following relief:

1. a preliminary injunction enjoining the United States and each and all of its officers, agents, servants, employees, and attorneys, and all those persons acting in concert or participation with any of them, and in particular Contracting Officer Jacquelyn O. Cooper, from allowing any further performance under the contract awarded to M1 in connection with this procurement during the pendency of this action;

2. a permanent injunction enjoining the United States and each and all of its officers, agents, servants, employees, and attorneys, and all those persons acting in concert or participation with any of them, and in

particular Contracting Officer Jacquelyn O. Cooper, from allowing any further performance under the contract awarded to M1 in connection with this procurement;

3. a declaratory judgment that the Air Force's elimination of DI from the competitive range was contrary to law, arbitrary, capricious, unreasonable, and of no force or effect;

4. an order setting aside the award of the contract to M1 as unlawful;

5. an order directing the Air Force to reinstate DI to the competitive range, to conduct meaningful discussions with DI and M1, to solicit another round of offers, and to evaluate revised offers fairly and equally;

6. an order awarding DI its bid preparation and proposal costs in an amount to be proven;

7. an order awarding DI its costs of pursuing this action, including attorneys' fees, and expenses; and

8. such other relief as the Court may deem just and appropriate.

Respectfully submitted,

Frederick W. Claybrook, Jr.
(Counsel of Record)
John E. McCarthy Jr.
(Of Counsel)

Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
202) 624-2500 Phone
202) 628-5116 Facsimile

Attorneys for DynCorp International LLC

February 2, 2007

2945136v2

VERIFICATION

County of Tarrant )
) ss:
State of Texas )

H. R. "Rick" Fredrickson, Jr., being duly sworn, deposes and says:

He is the Director, Contracts for Maintenance and Technical Support Services of Plaintiff, DynCorp International LLC, and is duly authorized to verify the Complaint; that he has read the Complaint and that it is true to his knowledge, except that as to matters stated to be alleged on information and belief he believes them to be true.

H. R. "Rick" Fredrickson, Jr.

Sworn to and subscribed
before me this 2 day
of February 2007

Tracy J. Thomason
Notary Public

TRACY J. THOMASON
Notary Public, State of Texas
My Commission Expires
July 25, 2007