**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| DYNCORP INTERNATIONAL, LLC,<br>*Plaintiff,*<br>v.<br>THE UNITED STATES,<br>*Defendant.* | **No. 07-84**<br>**Judge Bush** |

**MEMORANDUM IN SUPPORT OF M1 SUPPORT SERVICES' UNOPPOSED MOTION TO INTERVENE**

Pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC"), M1 Support Services LP ("M1"), moves to intervene in the above-captioned case. Counsel for M1 has discussed this Motion with counsel for DynCorp International, LLC ("DynCorp"), and counsel for Defendant, United States. Neither opposes this motion.

M1, as the awardee of the Government contract at issue in the above-captioned case, is entitled to intervene as a matter of right because M1 is "so situated that the disposition of the action may as a practical matter impair or impede [M1's] ability to protect that interest . . . ." *See* RCFC 24(a)(2). Alternatively, this Court should exercise its discretion to permit M1 to intervene in this case pursuant to RCFC 24(b) because the defenses raised by M1 are based on the same questions of fact and law as the main action. *See* RCFC 24(b)(2). The pertinent facts and legal points and authorities that support M1's Motion are set forth below.

## I.
## FACTUAL BACKGROUND

On July 3, 2006, the Air Force issued Request for Proposals No. FA4890-06-R-0165 ("RFP" or "Solicitation"). The contract is for consolidated maintenance services for the T-38 aircraft at Beale, Holloman, and Whiteman Air Force Bases. The Solicitation contemplated a two-month transition period beginning Febraury 1, 2007, and ending March 31, 2007. The initial performance period is for the six months beginning April 1, 2007, and ending September 30, 2007, followed by four one-year option periods.

On December 22, 2006, M1 was awarded the contract that DynCorp subsequently challenged in the Protest it filed on February 2, 2007. The transition period for this Contract has formally been ongoing since February 1, 2007, although M1 began preparing for the transition period immediately after contract award. M1 is already deeply engaged in a wide range of key transition steps under the terms of the Contract. For example, M1 has already engaged in post-award client meetings and transition planning, established information technology resources, hired employees, drafted work plans, quality plans, safety and environmental plans and other contract deliverables, coordinated with labor unions regarding transition issues, developed supply and equipment sources, and implemented other key initial stages of the transition plan.

## II.
## ARGUMENT

### A. Intervention as of Right

RCFC 24(a) provides for "intervention of right" upon timely application to the court under the following circumstances:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so

> situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a)(2). As explained below, M1 meets this test.

*First,* as the contract awardee, M1 clearly has an interest in the Contract which is the subject of this action -- a four year contract for consolidated aircraft maintenance worth more than $40 million. Almost since the notice of award, and especially as of February 1, 2007, M1 has undertaken numerous, substantial steps to transition its workforce into the consolidated aircraft maintenance operations. M1's interest in performance of this Contract is impacted by DynCorp's request for injunctive relief.

*Second,* the disposition of this action may, as a practical matter, impair or impede M1's ability to protect its interest in the Contract. Indeed, in light of the relief requested by DynCorp, the disposition of this matter conceivably could strip M1 of the Contract award and imperil a substantial amount of M1's business.

*Finally*, absent intervention, M1's interest in the Contract would not be adequately represented by any existing parties. Although the Air Force presumably will oppose the relief requested by DynCorp and will support the award decision, only M1 can adequately present to the Court the harm it will suffer in the event such relief is granted.

Accordingly, M1's intervention is appropriate. This court routinely allows awardees to intervene in protests challenging the award of their contracts. *See, e.g., A&D Fire Protection, Inc. v. United States*, 72 Fed. Cl. 126 (2006); *PHT Supply Corp. v. United States*, 71 Fed. Cl. 1 (2006); *Cybertech Group, Inc. v. United States*, 48 Fed. Cl. 638 (2001). Given the lack of any objection, the same result should obtain here.

B. **Permissive Intervention**

In the alternative, RCFC 24(b) provides for "permissive intervention," upon timely application, "when an applicant's claim or defense and the main action have a question of law or fact in common." This Court's rules further state that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." RCFC 24(b)(2).

Clearly, M1's defense of the contract award will involve questions of law and fact that are common to the main action before the Court. *See* RCFC 24(b)(2). Furthermore, M1's participation in these proceedings will not unduly delay or prejudice the adjudication of the rights of DynCorp or the Air Force. *Id.* To the contrary, M1's participation in these proceedings will provide the Court with a more complete understanding of the impact of the relief requested by DynCorp and the likelihood of success on the merits of DynCorp's action. M1 will cooperate in meeting the Court's schedule and its participation will not cause that schedule to be lengthened.

Accordingly, in the event that the Court determines that M1 may not intervene as a matter of right, the Court nonetheless should permit M1 to intervene in the action as a matter of permission pursuant to RCFC 24(b)(2).

## III.
## CONCLUSION

For the foregoing reasons, M1 requests that the Court grant its Motion to Intervene. As provided for in RCFC 7(b), a proposed order is attached to the accompanying Motion.

Respectfully Submitted,

/s/ William A. Roberts, III by /s/ Jon W. Burd

William A. Roberts, III
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
Fax: (202) 719-7049
Tel: (202) 719-4955

*Counsel of Record for Intervenor*,
M1 Support Services

Of counsel:
Philip J. Davis
Richard B. O'Keeffe, Jr.
Jon W. Burd
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7000

Dated: February 5, 2007