# In the United States Court of Federal Claims

No. 07-84 C

(February 27, 2007)

* * * * * * * * * * * * * * * * *
DYNCORP INTERNATIONAL, LLC, *
*Plaintiff,* *
v. *
THE UNITED STATES, *
*Defendant,* *
M1 SUPPORT SERVICES LP, *
*Intervenor-defendant.* *
* * * * * * * * * * * * * * * * *

**ORDER**

The court has before it the parties' cross-motions for judgment on the administrative record. Upon cursory review of the arguments presented therein, and considering the expedited litigation schedule of this bid protest, the court presents in this order specific topics that the parties should address in drafting their replies and preparing for oral argument. These topics are by no means exhaustive, and are not intended to influence the choices of counsel as they prepare and present argument on behalf of their clients' interests in the subject matter.

Accordingly, it is hereby **ORDERED** that the parties shall **ADDRESS** the topics listed below in their reply briefs and at oral argument. The briefing schedule set by the court's order of February 14, 2007 remains unchanged.

(1) In light of the FAR Part 15 Rewrite, effective October 10, 1997, *see* 62 Fed. Reg. 51,224, 51,224-29 (Sept. 30, 1997), what are the post-rewrite decisions concerning the distinction between clarifications and discussions that are most helpful in reviewing the six evaluation

notices sent by the Air Force to M1, and M1's responses to those notices?

(2) What impact, if any, has the FAR Part 15 Rewrite, cited above, had on the precedential value of the discussion of competitive range determinations and the level of scrutiny applied to them found in *Birch & Davis International, Inc. v. Christopher*, 4 F.3d 970, 973-74 (Fed. Cir. 1993)?

(3) What is the best authority which defines the duty, or lack of duty, of the government to engage in clarifications and/or discussions with both offerors when only two offerors are participating in a negotiated procurement in circumstances similar to this procurement?

(4) What analogous decisions discuss whether a solicitation requirement such as "provide documentation of a Defense Contract Management Agency (DCMA)-approved purchasing system which is in compliance with your disclosure statement" is a material requirement, and/or whether that requirement goes to responsibility or to responsiveness?

/s/Lynn J. Bush
LYNN J. BUSH
Judge